UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WANDA J. ALLERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-423-DCP |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 14]. Now before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412 [Doc. 21], filed on May 22, 2020. Plaintiff requests that the Court enter an Order awarding $3,673.34 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

### I.   BACKGROUND

On March 15, 2019, Plaintiff filed a Motion for Summary Judgment and Memorandum in Support [Docs. 15 & 16], and on April 26, 2019, the Commissioner filed a competing Motion for Summary Judgment and Memorandum in Support [Docs. 17 & 18]. The Court entered a Memorandum Opinion and Order [Docs. 19 & 20] on March 24, 2020, granting in part Plaintiff's motion and denying the Commissioner's motion. Specifically, the Court remanded Plaintiff's case to the SSA for the ALJ to appropriately consider the finding of whether Plaintiff's carpal tunnel is a severe impairment, and then expressly examine Plaintiff's carpal tunnel, and the effects of its symptoms, in the RFC determination. [Doc. 20]. Plaintiff subsequently filed the instant motion on May 22, 2020, as well as an Affidavit of Plaintiff's counsel, time billing entries, and Plaintiff's

affidavit and assignment of EAJA fee. [Doc. 21]. The Commissioner filed a response [Doc. 22] on June 3, 2020, stating that he had no opposition to the payment of attorney's fees in the amount requested.

## II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1. Plaintiff must be a prevailing party;
>
> 2. The Commissioner's position must be without substantial justification;
>
> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

*See* 28 U.S.C. § 2412(d)(1). The Court will address each consideration in turn.

### A. The Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Therefore, the Court finds the first condition for granting attorney's fees under the EAJA has been met.

### B. The Commissioner's Position was without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that he does not oppose Plaintiff's request for attorney's fees under the EAJA [Doc. 22], thereby conceding that the Commissioner's position in this matter was not substantially justified. Thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

2

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third condition for granting attorney's fees under the EAJA has been met.

### D. The Plaintiff's Request for an Award of Fees is Timely

In support of his motion for attorney's fees, Plaintiff's counsel submitted an affidavit which included an itemized statement detailing the work performed in this case on behalf of Plaintiff—which amounted to 19.2 hours expended, at an applicable hourly rate of $191.32. [Doc. 21]. The Court observes that the motion includes a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

### E. The Court Finds that the Fees Requested Are Reasonable

Further, the Commissioner has no opposition to Plaintiff's request for attorney's fees, and the Commissioner has conceded that Plaintiff is entitled to the amount requested. Plaintiff's counsel has submitted an itemized statement detailing the work performed in this case on behalf of Plaintiff which amounted to 19.2 hours expended, at an applicable hourly rate of $191.32.

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)).

In the present case, to support her request for an increase in the hourly rate, Plaintiff's counsel states that her firm has represented claimants in social security disability claims for the past eleven years and that in normal Social Security cases she usually agrees to represent clients on a contingent fee basis of 25% of past due benefits capped at $6,000. The Court uses the cost-of-living formula approved in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003) to calculate the appropriate hourly rate, and notes that the requested hourly rates appear appropriate. The Court has considered the amount requested, and, combined with the Commissioner's response of non-opposition, the Court finds that the fee amount is reasonable.

### III. CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff's Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d)(1) [**Doc. 21**] is well-taken, and the same is **GRANTED**. The Court **ORDERS** an award of EAJA fees in the amount of **$3,673.34** to be paid to Plaintiff under the EAJA, 28 U.S.C. § 2412(d). In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States. If Plaintiff owes no debt to the United States, the payment of EAJA fees can be made directly to Plaintiff's counsel at Burton McKinnish, PLLC per

4

the assignment.

    **IT IS SO ORDERED**.

                    ENTER:

                    Debra C. Poplin
                    United States Magistrate Judge